**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| Black Press Ltd., *et al.*,[1] | Case No. 24-10044 (MFW) |
| Debtors in a Foreign Proceeding. | (Joint Administration Requested) |

**MOTION OF THE FOREIGN REPRESENTATIVE FOR**
**CHAPTER 15 RECOGNITION AND FINAL RELIEF**

Black Press Ltd. ("BP Holdco"), in its capacity as the duly-appointed foreign representative ("Foreign Representative") for the above-captioned debtors (collectively, the "Debtors" or "Petitioners"), in the proceedings ("Canadian Proceedings") currently pending before the Supreme Court of British Columbia ("Canadian Court"), initiated under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 (as amended, the "CCAA"), by and through their undersigned counsel, respectfully submits this *Motion of the Foreign Representative for Chapter 15 Recognition and Final Relief* ("Motion"), seeking entry of a final order recognizing the Canadian Proceedings as foreign main proceedings, ordering the relief requested in this Motion, and granting such other and further relief as appropriate under the circumstances. In support of this Motion, the Foreign Representative respectfully refers the Court to and incorporates by reference: (a) *Verified Petition for (i) Recognition of Foreign Main Proceedings, (ii) Recognition of Foreign Representative, and (iii) Related Relief Under Chapter 15 of the Bankruptcy Code* ("Verified Petition"), (b) *Memorandum of Law in Support of Motion of the Foreign Representative for Chapter 15 Recognition and Final Relief* ("Memorandum of Law"), (c) *Declaration of*

---

[1] The Debtors in these chapter 15 cases, along with the last four digits of each Debtor's federal tax identification number (or BN as applicable), include: Black Press Group Ltd. (BN 8464); Sound Publishing Inc. (TIN 6047); The Beacon Journal Publishing Company (TIN 5666); Black Press Ltd. (BN 4084); Sound Publishing Holding Inc. (TIN 6047); 311773 BC Ltd. (BN 3265); Sound Publishing Properties, Inc. (TIN 6047); Oahu Publications, Inc. (TIN 3529); San Francisco Print Media Company (TIN 0940); Central Web Offset Ltd. (BN 5111); 0922015 B.C. Ltd. (BN 4906); and WWA (BPH) Publications, Inc. (TIN 7876). The location of the Debtors' corporate headquarters and service address is: 15288 54a Ave #208, Surrey, British Columbia, Canada V3S 5X7.

1

*Christopher Hargreaves in Support of the Debtors' Verified Petition for (i) Recognition of Foreign Main Proceedings, (ii) Recognition of Foreign Representative, (ii) Debtors' Motion for Certain Provisional Relief* (the "<u>Hargreaves Declaration</u>"), and (d) *Declaration of Jeremy Bornstein as Canadian Counsel to the Debtors in Support of the Debtor's Chapter 15 Petitions and Requests for Certain Related Relief Pursuant to Chapter 15 of the Bankruptcy Code* ("<u>Bornstein Declaration</u>"). In support of this Motion, the Foreign Representative respectfully states as follows:[2]

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this case under sections 157 and 1334 of title 28 of the United States Code and the Amended Standing Order of Reference of the United States District Court for the District of Delaware (Sleet, C.J.), dated February 29, 2012.

2. The Foreign Representative has properly commenced this chapter 15 case under sections 1504 and 1515 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). This Chapter 15 Petition (defined below) is a core proceeding under section 157(b)(2)(P) of title 28 of the United States Code.

3. Venue for this case is proper in this Court under section 1410 of title 28 of the United States Code because the Debtors have their principal assets in the United States located in Delaware. The Debtors have property in Delaware as a group through their direct and indirect ownership in the equity of Delaware entities and incorporation of Debtor San Francisco Print Media Co. under Delaware law. Each Debtor also has an interest in a retainer on deposit with Blank Rome LLP in which the Debtor has an ownership interest. These funds are held in are held

---

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Verified Petition, the Initial Order, the Hargreaves Declaration, the Bornstein Doclaration, and the Motion, as applicable.

in an account at a Delaware branch of TD Bank, National Association in accordance with Delaware Rule of Professional Responsibility 1.5. *See* Hargreaves Decl., ¶ 124.

4. The statutory predicates for the relief requested in this Motion are sections 101(23)-(24), 105(a), 306, 1502, 1504, 1507, 1509, 1510, 1512, 1515, 1516, 1517, 1520, 1521, 1522, and 1524 of the Bankruptcy Code.

## II.     RELIEF REQUESTED

5. By this Motion, the Foreign Representative seeks the entry of an order, substantially in the form attached to this Motion as **Exhibit A**, recognizing the Canadian Proceedings as foreign main proceedings and granting the Foreign Representative final relief and protections in aid of the Canadian Proceedings as authorized under Chapter 15 of the Bankruptcy Code, including, without limitation, the following:

   a. All relief provided in aid of the Canadian Proceedings as foreign main proceedings upon recognition under section[3] 1520, including without limitation, the automatic stay of section 362, which shall apply to the Debtors and any property of the Debtors that is within the territorial jurisdiction of the United States throughout the duration of the chapter 15 cases or until otherwise ordered by this Court;

   b. All relief provided in aid of the Canadian Proceedings under section 1521;

   c. Entrusting the administration, realization, and distribution of the Debtors' assets located within the territorial jurisdiction of the United States to the Foreign Representative in accordance with subsections 1521(a)(5) and 1521(b); and

   d. Granting as final relief all provisional relief the Court may have granted pursuant to section 1519(a).

## III.     FACTUAL BACKGROUND

6. This Motion is filed in connection with the *Official Form 401 Petition* [D.I. 1] ("Petition") and the Verified Petition (together with the Petition, the "Chapter 15 Petition") filed on January 15, 2024.

---

[3] Unless otherwise noted, all statutory references are to the Bankruptcy Code.

7.  The Debtors and non-debtors Black Press (Barbados) Ltd.; Whidbey Press (Barbados) Inc.; Black Press Delaware LLC; and Black Press Group Oregon LLC (collectively, the ""Non-Debtor Stay Parties") are an award-winning news publisher – both online and in print – and a full-service marketing agency and commercial printer. The Debtors' and Non-Debtor Stay Parties' (collectively, the "Company") primary business is print newspapers and magazines, digital news, marketing and advertising services, commercial printing, and parcel delivery operating in Canada in British Columbia, Alberta, Yukon, Nunavut, and Northwest Territories, and in the U.S. in the states of Washington, Alaska and Hawaii. Hargreaves Decl., ¶ 5.

8.  The Company is a consolidated business, with offices and primary operations in both Canada and the U.S. Headquartered in British Columbia, the Company has approximately 715 employees in Canada (employed by BP Canada) and 500 employees in the U.S. (of which nearly equal numbers are employed by BP Sound and BP Hawaii). The Company's operations, however, are functionally and operationally integrated such that the U.S. business cannot operate independently of the Canadian business and the key services provided by BP Canada for the benefit of the entire Company. Hargreaves Decl., ¶¶ 9, 134.

9.  In the past decade, the newspaper and publishing industry has been negatively affected by digital transformation and consolidation pressures, and in this same period, the Company's earnings and profits steadily declined. While the acceleration of the Company's problems can be attributed to the COVID-19 pandemic, its key challenges are on account of (i) the shift in the way readers obtain their news which led to a sizable loss of readership of its printed newspapers and (ii) the dramatic decline in advertising revenue caused by the loss of small retailers in the communities the Company's newspapers serve. This loss of revenue resulted in a material reduction to the Company's profitability such that the Company is no longer able to meet its

4

ongoing obligations, including its obligations arising from termination of a defined benefit pension plan sponsored by a U.S. subsidiary ("Akron Plan") and "withdrawal liability" related to multiemployer pension funds (collectively, the "Multiemployer Plans"). Hargreaves Decl., ¶¶ 10-12.

10. The Company took several steps starting in 2016 to address these issues, including selling real property, outsourcing creative services and online operations, reducing circulation frequency, reducing the number of newsprint pages and/or size of newspapers, consolidating offices and press work, closing unprofitable titles, centralizing press operation services, and headcount rationalization. The Company also developed a go-forward operational turnaround plan to further cut costs and grow revenues, which it is currently implementing and intends to complete by the end of 2024. Hargreaves Decl., ¶¶ 17, 18.

11. However, the Company continues to struggle to generate sufficient free cash flow to support its ongoing working capital requirements, leading to increasingly constrained liquidity. In light of these issues, in July 2023, the Company engaged Dirks, Van Essen & April ("DVA") to assist it in exploring a range of strategic alternatives, and the Company undertook a broad marketing process ("Pre-Filing Sale Process") to seek an additional investment in or a sale of the Company or its various business units. The Pre-Filing Sale Process returned no viable bids. Following the Pre-Filing Sale Process, the Company engaged KSV Restructuring Inc. ("KSV") to explore DIP financing options from its key stakeholders and secured creditors. Hargreaves Decl., ¶¶ 20-23.

12. Accordingly, on January 14, 2024, the Debtors commenced the Canadian Proceedings to obtain DIP financing from Canso Investment Counsel Ltd. as portfolio manager for and on behalf of Canso Strategic Credit Fund ("DIP Lender") and to finalize the terms of a

Transaction, to be consummated following the completion of a proposed sale and investment solicitation process of the Company as a going-concern to be approved under the CCAA ("SISP"). The Debtors' CCAA petition to the Canadian Court ("Canadian Petition") requested, among other relief, that the Canadian Court enter an order in relation to the Company and appoint BP Holdco as foreign representative for each of the Debtors. On January 15, 2024, the Canadian Court entered an order ("Initial Order") granting the relief requested in the Canadian Petition, and among other things, appointing BP Holdco as foreign representative of the Debtors ("Foreign Representative") as of January 15, 2024. Hargreaves Decl., ¶¶ 23-24.

13. Upon initiation of the Canadian Proceedings, a moratorium on creditor enforcement actions was imposed and creditors' actions have been stayed. Yet, without recognition, creditors and other parties not subject to the jurisdiction of the Canadian Court and based in the United States may continue or begin to take action against the Debtors' assets and operations within the United States. Any litigation or enforcement action against the Debtors will destabilize their operations and ability to consummate the Restructuring, including its efforts to find a buyer for the Debtors' businesses, which will ultimately jeopardize the livelihood of the Debtors' 720 employees and result in significantly diminished recoveries for the Debtors' creditors.

14. On January 15, 2024, the duly authorized Foreign Representative filed the Chapter 15 Petition for the Debtors and commenced these chapter 15 cases. The Foreign Representative seeks recognition of the Debtors' Canadian Proceedings as foreign main proceedings within the meaning of section 1502.

15. For further background information regarding the Debtors' business, the Canadian Proceedings, and the facts and circumstances necessitating this chapter 15 filing, the Court is

respectfully referred to the Chapter 15 Petition, the Verified Petition, the Hargreaves Declaration, and the Bornstein Declaration.

## IV. BASIS FOR RELIEF

16. The Foreign Representative respectfully submits that the Canadian Proceedings should be recognized by this Court because, as required under section 1517, the Foreign Representative applying for recognition is a person or body, the Canadian Proceedings are foreign proceedings, and the Petition meets the requirements of section 1515. Additionally, recognition of the Canadian Proceedings does not manifestly violate the public policy of the United States of America.

17. The Foreign Representative is a "person," as contemplated in subsections 101(24) and 101(41), and was duly appointed by the Debtors' directors, officers, or managers as foreign representative of each of the Debtors and identified as the Foreign Representative by the Canadian Court in the Initial Order. *See* Hargreaves Decl., ¶122-123; Initial Order, ¶55.

18. The Canadian Proceedings are "foreign proceeding[s]" within the meaning of section 101(23) because the Canadian Proceedings are judicial proceedings conducted in Canada under the law related to insolvency or debt adjustment. Additionally, the Canadian Proceedings are "main" proceedings because the Debtors' center of main interest is in British Columbia, Canada, and, thus, the Debtors' nerve center is in Canada. Specifically, the top holding company Debtor is formed under the law of British Columbia and, prior to the commencement of CCAA, had its registered offices in Victoria, British Columbia, Canada, and its headquarters in Surry, British Columbia, therefore, Canada is presumed to be the center of main interest for the Debtors formed in Canada. *See* 11 U.S.C. § 1516(c).

19.  Based on the Hargreaves Declaration and the arguments set forth in the Memorandum of Law, the Debtors formed under the laws of Delaware, Washington, Ohio, and Hawaii also have their center of main interest in Canada. As stated above, the Company is a consolidated business, and the U.S. Debtors' operations are functionally and operationally integrated with the Company such that the U.S. business cannot operate independently of the Canadian business and the key services provided by BP Canada. Hargreaves Decl., ¶ 135. Moreover, each of the Debtors is party to a jointly administered restructuring proceeding under Canadian law, and when the Canadian Court took jurisdiction over the Debtors, it implicitly recognized the significance of the Debtors' interests there. Further, now the locus of the Debtors restructuring is in Canada. Since Canada is the center of main interest for the Debtors, the Canadian Proceedings should be recognized as a foreign main proceeding. 11 U.S.C. § 1517(b)(1).

20.  Further, the Petition meets the requirements of section 1515. Specifically, as required by section 1515(b), the Petition is accompanied by a certified[4] copy of the Initial Order, effectuating the Canadian Proceedings. Additionally, in accordance with section 1515(c), the Foreign Representative filed a statement with the Petition, identifying the Canadian Proceedings as the only pending proceedings with respect to the Debtors and stating that there are no other pending foreign proceedings known to the Foreign Representative. Further, as required by section 1515(d), all documents provided pursuant to section 1515(b) are in English. Finally, as required by Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the Foreign Representative has also filed a statement, identifying the parties to litigation with respect

---

[4] Due to the time of the hearing, the Debtors were not able to obtain a certified copy of the Initial Order; however, Debtors provide the order as entered and will file a supplemental notice of exhibit, attaching the certified copy of the Initial Order once they are able to obtain one.

to the Debtors pending within the United States (collectively, the "Litigation") and the parties against which provisional relief is requested.

21. Because all of the conditions to the entry of an order recognizing the Canadian Proceedings as foreign main proceedings under the Bankruptcy Code have been satisfied, the Debtors are entitled to have the Canadian Proceedings recognized as "main" proceedings. Upon recognition of the Canadian Proceedings as foreign main proceedings, final relief is authorized by sections 1520 and 1521. In particular:

   a. The Foreign Representative is automatically entitled to the protections of the automatic stay of section 362. *See* 11 U.S.C. §§ 362, 1520(a)(1).

   b. Sections 363, 549, and 552 apply to a transfer of an interest of the Debtors in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of the estate. See 11 U.S.C. § 1520(a)(2).

   c. The Court may also suspend the right to transfer, encumber, or otherwise dispose of the Debtors' assets. *See* 11 U.S.C. § 1520(a). To the extent that this relief is not granted under section 1520 by applying section 362, the Court may grant this relief pursuant to section 1521(a)(3).

   d. The Court may also stay the commencement or continuation of an action or proceeding of the Debtors' assets and stay execution against the Debtors' assets. *See* 11 U.S.C. § 1520(a). To the extent this relief is not granted under section 1520 by applying section 362, the Court may grant this relief pursuant to sections 1521(a)(1) and 1521(a)(2).

   e. The Foreign Representative is entrusted either as of right under section 1520 or with the discretionary approval of the Court under section 1521 with the right to operate the Debtors' business, exercise rights and power of a trustee, and administer and realize all or part of the Debtors' assets within the territorial jurisdiction of the United States. *See* 11 U.S.C. §§ 1520(a)(3), 1521(a)(5).

   f. The Court may also grant any other available relief (subject to exceptions not relevant here) under the Bankruptcy Code pursuant to section 1521(a)(7), including DIP financing under section 364.

22. The Court also has the power to provide additional assistance to a foreign representative under the Bankruptcy Code or other laws of the United States, consistent with the

principles of comity. *See* 11 U.S.C. §§ 1507, 1521. The Court's entry of the relief requested by the Chapter 15 Petition and of any additional assistance requested will not prohibit just treatment of holders of claims against the Debtors' property and will not prejudice its creditors. As such, the Foreign Representative submits that the Court has the discretion to enter the additional assistance set forth in the attached proposed form of order.

## V. CONCLUSION

WHEREFORE, for the reasons set forth in this Motion, the Chapter 15 Petition, the Hargreaves Declaration, and the Bornstein Declaration, including, without limitation, that all requisite elements for the recognition and relief requested by the Motion are met in this case, the Foreign Representative respectfully requests that this Court: (1) enter the proposed order attached to this Motion as **Exhibit A**, recognizing the Canadian Proceedings as foreign main proceedings and granting the requested final relief in aid of the Canadian Proceedings; and (2) grant such other and further relief as this Court determines to be fair and appropriate under the circumstances.

[*Space intentionally left blank*]

| | |
|---|---|
| Dated: January 15, 2024<br>Wilmington, Delaware | */s/ Stanley B. Tarr*<br>Stanley B. Tarr (DE No. 5535)<br>Lawrence R. Thomas III (DE No. 6935)<br>**BLANK ROME LLP**<br>1201 N. Market Street, Suite 800<br>Wilmington, Delaware 19801<br>Telephone:     (302) 425-6400<br>Facsimile:      (302) 425-6464<br>*Stanley.Tarr@BlankRome.com*<br>*Lorenzo.Thomas@BlankRome.com*<br><br>-and-<br><br>Michael B. Schaedle (pro hac vice pending)<br>Evan J. Zucker (pro hac vice pending)<br>**BLANK ROME LLP**<br>1271 Avenue of the Americas<br>New York, New York 10020<br>Telephone:     (212) 885-5000<br>Facsimile:      (212) 885-5001<br>*Mike.Schaedle@BlankRome.com*<br>*Evan.Zucker@BlankRome.com*<br><br> -and-<br><br>Sean A. Gordon (*pro hac vice pending*)<br>Austin B. Alexander (*pro hac vice pending*)<br>**THOMPSON HINE LLP**<br>Two Alliance Center<br>3560 Lenox Road NE, Suite 1600<br>Atlanta, Georgia 30326-4266<br>Telephone: (404) 541-2900<br>Facsimile: (404) 541-2905<br>*Sean.Gordon@thompsonhine.com*<br>*Austin.Alexander@thompsonhine.com*<br>Curtis L. Tuggle (*pro hac vice pending*)<br>Alexander J, Andrews (*pro hac vice pending*)<br><br>**THOMPSON HINE LLP**<br>300 Madison Avenue, 27th Floor<br>New York, New York 10017-6232<br>Telephone: (212) 908-3994<br>Facsimile: (212) 344-6101<br>*Curtis.Tuggle@thompsonhine.com*<br>*Alexander.Andrews@thompsonhine.com*<br><br>*Counsel to the Foreign Representative* |