**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Black Press Ltd., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-10044 (MFW)<br><br>(Joint Administration Requested)<br><br>Re: D.I. _____, _____ |

**ORDER RECOGNIZING CANADIAN PROCEEDINGS AS FOREIGN MAIN**
**PROCEEDINGS AND GRANTING RELATED RELIEF**

Upon consideration of the Official Form 401 [D.I. 1] ("Petition") and *Verified Petition for (i) Recognition of Foreign Main Proceedings, (ii) Recognition of Foreign Representative, and (iii) Related Relief under Chapter 15 of the Bankruptcy Code* [D.I. ___] ("Verified Petition" and together with the Petition, the "Chapter 15 Petition") and the *Motion of the Foreign Representative for Chapter 15 Recognition and Final Relief* [D.I. ___] ("Motion") and accompanying *Memorandum of Law in Support of Motion of the Foreign Representative for Chapter 15 Recognition and Final Relief* [D.I. ___] filed by Black Press Ltd. ("BP Holdco") in its capacity as the duly-appointed foreign representative ("Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"), in voluntary restructuring proceedings in Canada ("Canadian Proceedings") under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 (as amended, the "CCAA"), pending before the Supreme Court of British Columbia ("Canadian Court"), as well as upon consideration of the (a) *Declaration of Christopher Hargreaves in Support of Debtors' Verified Petition for (i) Recognition of Foreign Main Proceedings, (ii) Recognition of*

---

[1] The Debtors in these chapter 15 cases, along with the last four digits of each Debtor's federal tax identification number (or BN as applicable), include: Black Press Group Ltd. (BN 8464); Sound Publishing Inc. (TIN 6047); The Beacon Journal Publishing Company (TIN 5666); Black Press Ltd. (BN 4084); Sound Publishing Holding Inc. (TIN 6047); 311773 BC Ltd. (BN 3265); Sound Publishing Properties, Inc. (TIN 6047); Oahu Publications, Inc. (TIN 3529); San Francisco Print Media Company (TIN 0940); Central Web Offset Ltd. (BN 5111); 0922015 B.C. Ltd. (BN 4906); and WWA (BPH) Publications, Inc. (TIN 7876). The location of the Debtors' corporate headquarters and service address is: 15288 54a Ave #208, Surrey, British Columbia, Canada V3S 5X7.

1

*Foreign Representative, and (iii) Debtors' Motion for Certain Provisional Relief* [D.I. ___] ("Hargreaves Declaration") and (b) *Declaration of Jeremy Bornstein as Canadian Counsel to the Debtors in Support of the Debtor's Chapter 15 Petitions and Requests for Certain Related Relief Pursuant to Chapter 15 of the Bankruptcy Code* [D.I. ___] ("Bornstein Declaration"), and all documents attached to the Hargreaves Declaration and the Bornstein Declaration (collectively, the "Petition and Relief Documents"), and upon consideration of any responses or oppositions to the Motion or Chapter 15 Petition, and after due and sufficient notice of and hearing on the Motion,[2]

**THE COURT FINDS AND CONCLUDES AS FOLLOWS**:

A. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 & 1334.

B. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

C. Venue is proper in this district under 28 U.S.C. § 1410.

D. This Court may enter a final order consistent with Article III of the United States Constitution.

E. Notice of the hearing on the Motion was sufficient under the circumstances and no further or other notice of or hearing on the Motion is necessary or required.

F. No objections or other responses were filed that have not been overruled, withdrawn, or otherwise resolved.

G. These chapter 15 cases were properly commenced and in accordance with 11 U.S.C. §§ 1504, 1509, & 1515.

H. The Chapter 15 Petition meets all requirements of 11 U.S.C. § 1515.

---

[2] Capitalized terms not defined herein shall have the same meaning as defined in the Petition and Relief Documents, as applicable.

I. The Foreign Representative is a "person" within the meaning of 11 U.S.C. § 101(41) and is the duly appointed foreign representative of the Debtors within the meaning of 11 U.S.C. §§ 101(24) & 1517(a)(2).

J. The Canadian Proceedings are foreign proceedings under 11 U.S.C. § 101(23).

K. The Canadian Proceedings are pending in Canada, which is the location of the Debtors' center of main interests, and, therefore, the Canadian Proceedings are foreign main proceedings within the meaning of 11 U.S.C. § 1502(4).

L. The Canadian Proceedings are entitled to recognition as foreign main proceedings because they meet the requirements of 11 U.S.C. § 1517.

M. Recognition of the Canadian Proceedings as foreign main proceedings is not contrary to the public policy of the United States.

N. The Foreign Representative and the Debtors are automatically entitled to all of the relief available under 11 U.S.C. § 1520, without limitation.

O. The Foreign Representative, the Debtors, and non-debtors Black Press (Barbados) Ltd.; Whidbey Press (Barbados) Inc.; Black Press Delaware LLC; and Black Press Group Oregon LLC (collectively, the "Non-Debtor Stay Parties" and together with the Debtors, the "Company") are entitled to additional relief available under 11 U.S.C. § 1521.

P. All relief granted in this Order is necessary to effectuate the purpose of chapter 15 of title 11 of the United States Code and to protect the assets of the Debtors and the interests of its creditors.

Q. All creditors and other parties in interest, including the Debtors, are sufficiently protected in the grant of the relief ordered hereby in compliance with 11 U.S.C. § 1522(a).

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. The Chapter 15 Petition and the Motion are **GRANTED** as provided in this order (the "Order").

2. The Canadian Proceedings are hereby recognized as foreign main proceedings in accordance with 11 U.S.C. § 1517 and given full force and effect.

3. Upon entry of this Order, the Canadian Proceedings and all prior orders of the Canadian Court shall be and hereby are granted comity and given full force and effect in the United States and, all relief authorized by 11 U.S.C. § 1520 and certain relief authorized by 11 U.S.C. § 1521 shall apply throughout the duration of these proceedings or until otherwise ordered by this Court, including, without limitation, the automatic stay authorized by 11 U.S.C. § 362. The relief granted in this paragraph shall specifically include, but not be limited to, the following provisions:

   i. No person or entity may: (a) commence or continue any legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative, or regulatory proceeding or arbitration) or action against the Debtors or the Non-Debtor Stay Parties, their assets located in the United States, or the proceeds thereof; (b) enforce any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Debtors or the Non-Debtor Stay Parties; (c) commence or continue any legal proceeding or action to create, perfect, or enforce any lien, setoff, or other claim against the Debtors, the Non-Debtor Stay Parties or against any of their assets located in the United States or the proceeds thereof; and (d) exercise any control over the Debtors' or the Non-Debtor Stay Parties' assets located in the United States except as authorized by the Debtors in writing.

   ii. The Foreign Representative is hereby granted the rights, powers, protections, privileges, and immunities of a trustee in a bankruptcy in the United States during these chapter 15 cases. No action taken during such period by the Foreign Representative, or its agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Canadian Proceedings, this Order, these chapter 15 cases, any adversary proceeding, or any further proceeding commenced in these chapter 15 cases shall be deemed to constitute a waiver of the immunity afforded such person under 11 U.S.C. §§ 306 or 1510.

   iii. 11 U.S.C. §§ 363(m) and 364 are applicable with respect to each of the Debtors and the Property (as defined in the *Order Made after Application* entered in the Canadian Proceedings) of the Company that is within the territorial jurisdiction of

the United States. For the avoidance of doubt and without limiting the generality of the foregoing, this Order, without limitation:

(a) Shall grant liens and security interests in the Debtors' Property located within the territorial jurisdiction of the United States pursuant to 11 U.S.C. § 364(d)(1) in respect of, and in accordance with, the Administration Charge, Directors' Charge, and DIP Lender's Charge; and

(b) Finds any loans made by the DIP Lender pursuant to an order entered in the Canadian Proceedings are extended in "good faith" as contemplated by 11 U.S.C. § 364(e), such that the validity of DIP Loans, and the priority of the DIP Lenders' Charge in respect of the Debtors' Property located within the territorial jurisdiction of the United States, as contemplated by 11 U.S.C. § 363(m), shall not be affected by any reversal or modification of this Order on appeal or the entry of any other order.

iv. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry, (ii) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, and (iii) the Foreign Representative is authorized and empowered, and may, in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of the Order.

4. The provisions of 11 U.S.C. §§ 363, 364, 549, and 552 apply to a transfer of an interest of the Debtors in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of the estate.

5. The right to transfer, encumber, or otherwise dispose of the Debtors' or the Non-Debtor Stay Parties' assets absent the express written consent of the Debtors is hereby suspended.

6. The Foreign Representative is entrusted with the right to operate the Debtors' business, exercise the rights and power of a trustee, and is entitled to administer and realize all or part of the Debtors' assets within the territorial jurisdiction of the United States.

7. The banks and financial institutions with which the Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtors' bank accounts without interruption and in the ordinary course and to receive, process,

honor and pay any and all such checks, drafts, wires and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on the Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Debtors, as the case may be.

8. Nothing in this Order shall enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent set forth in 11 U.S.C. §§ 362(b) and 1521(d).

9. Notice of this Order shall be served in accordance with this Court's *Order (a) Scheduling Hearing on Recognition of Chapter 15 Petitions, (b) Specifying Form and Manner of Service of Notice, and (c) Authorizing Redaction of Certain Personally Identifiable Information of Individual Stakeholders* [D.I. ___]. Service in accordance with this Order constitutes adequate and sufficient service and notice for all purposes.

10. The Petition and Relief Documents shall be made available by the Foreign Representative upon request in writing to its counsel, Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, Delaware 19801 (Attn: Stanley B. Tarr, Esq. [stanley.tarr@blankrome.com]), and Thompson Hine LLP, Two Alliance Center, 3560 Lenox Road NE, Suite 1600, Atlanta, Georgia 30326-4266 (Attn: Sean A. Gordon, Esq. [sean.gordon@thompsonhine.com] and Austin B. Alexander, Esq. [austin.alexander@thompsonhine.com]) and Thompson Hine LLP, 300 Madison Avenue, 27th Floor, New York, New York 10017-6232 (Attn: Curtis L. Tuggle, Esq. [curtis.tuggle@thompsonhine.com] and Alexander J. Andrews, Esq. [alexander.andrews@thompsonhine.com]).

11. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") to the contrary including, but not limited to Bankruptcy Rules 7062 and 1018: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative and the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

12. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion, the Chapter 15 Petition, or the implementation of this Order.