**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| Black Press Ltd., *et al.*,[1] | Case No. 24-10044 (MFW) |
| Debtors in a Foreign Proceeding. | (Joint Administration Requested) |
| | Re: D.I. 5, 6 |

## TEMPORARY RESTRAINING ORDER

Upon consideration of the *Ex Parte Motion for Provisional Relief in the Form of a Temporary Restraining Order, and After Notice and a Hearing, an Order for Provisional Relief Under Section 1519 of the Bankruptcy Code* [D.I. 5] ("Motion") and accompanying *Memorandum of Law in Support of Ex Parte Motion for Provisional Relief in the Form of a Temporary Restraining Order, and After Notice and a Hearing, an Order for Provisional Relief Under Section 1519 of the Bankruptcy Code* [D.I. 6] ("Memorandum") filed by Black Press Ltd. ("BP Holdco") in its capacity as the duly-appointed foreign representative ("Foreign Representative") of the above-captioned debtors (collectively, the "Debtors") seeking entry of an order granting provisional relief ("Order") under the Bankruptcy Code to protect the Debtors and non-debtors Black Press (Barbados) Ltd., Whidbey Press (Barbados) Inc., Black Press Delaware LLC, and Black Press Group Oregon LLC (collectively, the "Non-Debtor Stay Parties" and together with the Debtors, the "Company") and their respective property within the territorial jurisdiction of the United States pending recognition of the Debtors' proceedings currently pending in Canada

---

[1] The Debtors in these chapter 15 cases, along with the last four digits of each Debtor's federal tax identification number (or BN as applicable), include: Black Press Group Ltd. (BN 8464); Sound Publishing Inc. (TIN 6047); The Beacon Journal Publishing Company (TIN 5666); Black Press Ltd. (BN 4084); Sound Publishing Holding Inc. (TIN 6047); 311773 BC Ltd. (BN 3265); Sound Publishing Properties, Inc. (TIN 6047); Oahu Publications, Inc. (TIN 3529); San Francisco Print Media Company (TIN 0940); Central Web Offset Ltd. (BN 5111); 0922015 B.C. Ltd. (BN 4906); and WWA (BPH) Publications, Inc. (TIN 7876). The location of the Debtors' corporate headquarters and service address is: 15288 54a Ave #208, Surrey, British Columbia, Canada V3S 5X7.

1

pursuant to the CCAA ("Canadian Proceedings"), effective *nunc pro tunc* to the Petition Date; as well as upon this Court's review and consideration of the (a) Chapter 15 Petition [D.I. 1, Case No. 24-10044], (b) Hargreaves Declaration [D.I. 8], (c) Bornstein Declaration [D.I. 9], and (d) Tarr Declaration [D.I. 7] (collectively with the Hargreaves Declaration and Bornstein Declaration, the "Declarations")[2]; and appropriate, sufficient, and timely notice of the Motion and the hearing thereon having been given pursuant to Bankruptcy Rules 1012(b) and 2002(q) and Local Rule 9013-1(m); and upon the record established at such hearing; and it appearing to the Court that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors; and there being no objections or other responses filed that have not been overruled, withdrawn, or otherwise resolved; and after due deliberation and sufficient cause therefore,

**THE COURT FINDS AND CONCLUDES AS FOLLOWS**:

A.  This Order constitutes the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to these chapter 15 cases pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are hereby adopted as such.

B.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 & 1334.

C.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D.  Venue is proper in this district under 28 U.S.C. § 1410.

E.  This Court may enter a final order consistent with Article III of the United States Constitution.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Verified Petition, the Initial Order, the Declarations, and the Motion, as applicable.

F.      There is a substantial likelihood that the Foreign Representative will successfully demonstrate that the Canadian Proceedings constitute a "foreign main proceeding" as defined in 11 U.S.C. § 1502(4).

G.      This Court, pursuant to 11 U.S.C. §§ 105(a), 1507, 1519, and 1521, may issue any order as may be necessary and appropriate to carry out the provisions of the Bankruptcy Code, including without limitation issuing a temporary restraining order.

H.      Consistent with findings by the Canadian Court and relief granted under the Initial Order, unless a temporary restraining order is issued with respect to the Company, and to the same extent provided in the Initial Order, there is a material risk that the Company's creditors or other parties-in-interest in the United States could use the Canadian Proceedings and these chapter 15 cases as a pretext to exercise certain remedies with respect to the Company.

I.      Such acts would (i) interfere with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, (ii) interfere with and cause harm to the Company's efforts to administer the Canadian Proceedings, (iii) interfere with the Company's operations, and (iv) undermine the Company's efforts to achieve an equitable result for the benefit of all of the Company's creditors. Accordingly, there is a material risk that the Company may suffer immediate and irreparable injury, and it is therefore necessary and appropriate that the Court enter this Order.

J.      From specific facts set forth in the Verified Petition and by the Motion, it appears that:

    i.    Immediate, and irreparable injury, loss or damage would result to the Company before the adverse parties or those parties' attorneys can be heard in opposition;

    ii.    If the Court does not grant the relief sought by the Company, the Company will suffer litigation prejudice, distraction of key personnel, and diminution of property; and

  iii. Granting the relief requested by the Foreign Representative is in the best interest of the Company, their creditors, and other parties in interest.

K. All relief granted in this Order is necessary to effectuate the purpose of chapter 15 of title 11 of the United States Code and to protect the assets of the Company and the interests of its creditors.

L. All creditors and other parties in interest, including the Company, are sufficiently protected in the grant of the relief ordered hereby in compliance with 11 U.S.C. § 1522(a).

M. The interest of the public will be served by this Court's entry of this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. The Motion is **GRANTED** as provided herein.

2. A temporary restraining order is issued on this 16th day of January, 2024, at 8:30 a.m. (ET) ("TRO Date"), without notice, applying 11 U.S.C. § 362(a) to the Debtors' and the Non-Debtor Stay Parties' assets and enjoining all persons and entities, and all those acting for or on their behalf, from taking the following actions in the United States and its territories:

  (a) executing against or further attaching or arresting any Property (as defined in the Initial Order) of the Debtors and the Non-Debtor Stay Parties, except as explicitly provided in the Initial Order;

  (b) commencing or continuing any litigation or any action or taking any other actions against or involving the Debtors, the Non-Debtor Stay Parties, or any of the Company's assets, rights, obligations or liabilities, except as provided in the Initial Order;

  (c) securing or enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment, attachment, order or arbitration award against the Debtors, or the Non-Debtor Stay Parties, or any assets of the Debtors and the Non-Debtor Stay Parties, except as explicitly provided in the Initial Order;

  (d) commencing or continuing any action to create, perfect or enforce any lien, setoff, attachment, or other claim against the Debtors, the Non-Debtor Stay Parties, or any of the Company's assets, except as explicitly provided in the Initial Order;

  (e) continuing the Litigation or commencing any additional actions in the United States, in any manner, which shall include issuing any discovery;

      (f) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Debtors, the Non-Debtor Stay Parties, or any of the Company's assets; and

      (g) taking any other action that would be in violation of any order of the Canadian Court or this Court,

until either (x) the Provisional Relief Order is entered by this Court at a hearing, or (y) if the Provisional Relief Order is not entered, for a period of **fourteen (14)** days from the TRO Date, without prejudice to the Foreign Representative's ability to seek a further extension of time from the Court.

      3.      Nothing in this Order shall enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent set forth in 11 U.S.C. §§ 362(b) and 1521(d).

      4.      The security provisions of Rule 65(c) of the Federal Rules of Civil Procedure, made applicable herein pursuant to Bankruptcy Rule 7065, are hereby waived.

      5.      The Foreign Representative and the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

      6.      The Foreign Representative shall as soon as practical after entry of this order notify the PBGC of the entry of this Order and notice of the hearing on provisional relief.

      7.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

      8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the enforcement, implementation, modification, or amendment of this Order, and any additional requests for relief in these chapter 15 cases.

Dated: January 16th, 2024                         MARY F. WALRATH  
Wilmington, Delaware                           UNITED STATES BANKRUPTCY JUDGE