IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| Black Press Ltd., *et al.*,[1] | Case No. 24-10044 (MFW) |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |
| | **Objection Deadline: April 15, 2024 at 4:00 PM**<br>**Hearing: April 23, 2024 at 2:00 PM** |

**FINAL REPORT OF THE FOREIGN REPRESENTATIVE
AND MOTION FOR AN ORDER CLOSING THE CHAPTER 15 CASES**

Black Press Ltd. ("BP Holdco"), in its capacity as the duly-appointed foreign representative ("Foreign Representative") for the above-captioned debtors (collectively, "Debtors"), by and through its undersigned counsel, respectfully submits this final report and motion (the "Final Report" or "Motion") and respectfully submits as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this case under sections 157 and 1334 of title 28 of the United States Code and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware (Sleet, C.J.), dated February 29, 2012.

2. Venue for this case is proper in this Court under section 1410 of title 28 of the United States Code.

3. The Foreign Representative confirms its consent to the entry of the final orders or judgments by the Court to the extent that it is later determined that the Court, absent consent of

---

[1] The Debtors in these chapter 15 cases, along with the last four digits of each Debtor's federal tax identification number (or BN as applicable), include: Black Press Group Ltd. (BN 8464); Sound Publishing Inc. (TIN 6047); The Beacon Journal Publishing Company (TIN 5666); Black Press Ltd. (BN 4084); Sound Publishing Holding Inc. (TIN 6047); 311773 BC Ltd. (BN 3265); Sound Publishing Properties, Inc. (TIN 6047); Oahu Publications, Inc. (TIN 3529); San Francisco Print Media Company (TIN 0940); Central Web Offset Ltd. (BN 5111); 0922015 B.C. Ltd. (BN 4906); and WWA (BPH) Publications, Inc. (TIN 7876). The location of the Debtors' corporate headquarters and service address is: 15288 54a Ave #208, Surrey, British Columbia, Canada V3S 5X7.

1

the parties, cannot enter final orders or judgments consistent with Article III of the United State Constitution.

4. Recognition of a foreign proceeding and other matters under chapter 15 of title 11 of the United States Code ("Bankruptcy Code") are core matters under section 157(b)(2)(P) of title 28 of the United States Code.

5. The bases for the relief requested herein are sections 105(a), 350, 1517(d) and 1521 of the Bankruptcy Code,[2] Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 5009, and Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rule") 5009-2.

## II. RELIEF REQUESTED

6. Based on (i) the Court's entry of the Recognition Order and SISP Approval Order (each defined below), (ii) the Foreign Representative's subsequent settlement of unfunded pension liability claims asserted by the Pension Benefit Guaranty Corporation ("PBGC") against the Debtors, and (iii) the pending disposition of all or substantially all of Debtors' assets via a reverse vesting order being sought in the Canadian Proceedings (defined below), the Foreign Representative determined that the purpose of these chapter 15 cases is accomplished and there is no further relief to be requested on behalf of the Debtors. By this Motion, the Foreign Representative therefore respectfully requests, pursuant to sections 105(a), 305(a), 350, 1517(d) and 1521, Bankruptcy Rule 5009, and Local Rule 5009-2, entry of an order substantially in the form attached hereto as **Exhibit C** ("Closing Order") closing the above-captioned chapter 15 cases as to all of the Debtors, including:

| Debtor | Case No. |
|---|---|
| San Francisco Print Media Company | 24-10043-MFW |

---

[2] Statutory references are to the Bankruptcy Code unless otherwise noted.

| Black Press Ltd. | 24-10044-MFW |
| --- | --- |
| 311773 BC Ltd. | 24-10045-MFW |
| 0922015 B.C. Ltd. | 24-10046-MFW |
| Black Press Group Ltd. | 24-10047-MFW |
| Central Web Offset Ltd. | 24-10048-MFW |
| Oahu Publications, Inc. | 24-10049-MFW |
| Sound Publishing Holding Inc. | 24-10050-MFW |
| Sound Publishing Properties, Inc. | 24-10051-MFW |
| Sound Publishing Inc. | 24-10052-MFW |
| The Beacon Journal Publishing Company | 24-10053-MFW |
| WWA (BPH) Publications, Inc. | 24-10054-MFW |

### III.    FINAL REPORT

7.    In January of 2024, the Debtors' directors and officers sought to address the Debtors' loans and restructure the Debtors' overburdened businesses pursuant to a proposed sale and investment solicitation process of the Company (defined below) as a going-concern to be approved under the CCAA ("SISP"), and financed by DIP financing options from the Company's key stakeholders and secured creditors. To effectuate the SISP, the Debtors entered into a support agreement dated January 12, 2024 with certain prepetition creditors ("Transaction Support Agreement") under which the prepetition secured creditors agreed (subject to the terms and conditions set forth therein) to support the Canadian Proceedings and the Chapter 15 Cases, including a stalking horse transaction agreement and the SISP Order (defined below).

8.    On January 14, 2024, the Debtors commenced proceedings ("Canadian Proceedings") in the Supreme Court of British Columbia ("Canadian Court") pursuant to the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 (as amended, the "CCAA") to implement a consensual restructuring via the SISP and reverse vesting order under the supervision of the Canadian Court. The same day, the Canadian Court entered an initial order ("Initial Order") appointing KSV Restructuring Inc. ("KSV", and in its capacity as Monitor, the "Monitor") as

Monitor in the Canadian Proceedings and appointed the Foreign Representative to commence these chapter 15 cases to facilitate the success of the Canadian Proceedings.

9. On January 15, 2024 ("Petition Date"), the Foreign Representative filed the *Official Form 401* [D.I. 1] ("Petition") and *Verified Petition for (i) Recognition of Foreign Main Proceedings, (ii) Recognition of Foreign Representative, and (iii) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 4] ("Verified Petition" and together with the Petition, the "Chapter 15 Petition") for each of the Debtors, commencing these chapter 15 cases ("Chapter 15 Cases").

10. On the Petition Date, the Foreign Representative filed the *Motion of the Foreign Representative for Chapter 15 Recognition and Final Relief* [D.I. 10] and related memorandum of law in support [D.I. 11] (collectively, "Recognition Motion") and the *Ex Parte Motion for Provisional Relief in the Form of a Temporary Restraining Order, and after Notice and a Hearing, an Order for Provisional Relief under Section 1519 of the Bankruptcy Code* [D.I. 5] and related memorandum of law in support [D.I. 6] (collectively, "Provisional Relief Motion").

11. On January 16, 2024, following a hearing on the Provisional Relief Motion and other requested first day relief, the Court entered the *Order Granting Motion of Authorized Foreign Representative for Entry of an Order (i) Directing Joint Administration of Chapter 15 Cases and (ii) Granting Related Relief* [D.I. 36], authorizing the joint administration and procedural consolidation of these Chapter 15 Cases, and the *Order Granting Provisional Relief pursuant to Section 1519 of the Bankruptcy Code* [D.I. 37] ("Provisional Relief Order"), which, among other things, extended the stay under section 362 to the Debtors and to non-debtors Black Press (Barbados) Ltd.; Whidbey Press (Barbados) Inc.; Black Press Delaware LLC; and Black Press Group Oregon LLC (collectively, "Non-Debtor Stay Parties" and together with the Debtors, the "Company").

12. On January 22, 2024, the Debtors and certain prepetition creditors entered into an amended and restated support agreement ("Amended and Restated Transaction Support Agreement").

13. On January 25, 2024, the Canadian Court entered the *Order Made after Application (Amended and Restated Initial Order)* ("Amended and Restated Initial Order" or "ARIO"), which, among other things, approved the Debtors' entry into the Amended and Restated Transaction Support Agreement, and the *Order Made after Application (SISP Approval Order)* ("SISP Order"), which, among other things, approved (i) the sale and investment solicitation procedures attached thereto, (ii) the Debtor's entry into a stalking horse agreement on terms set forth in the transaction support agreement, and (iii) certain bid protections, including expense reimbursement and a break-up fee. *See* [D.I. 48-2, 49].

14. On January 25, 2024, the Foreign Representative filed the *Motion of the Foreign Representative for Entry of an Order (i) Recognizing and Enforcing the SISP Order, and (ii) Granting Related Relief* [D.I. 48] ("SISP Motion").

15. On February 6, 2024, the PBGC filed the *Limited Objection of the Pension Benefit Guaranty Corporation to the Foreign Representative's Motion for Recognition* [D.I. 52] ("PBGC Objection"), objecting to the recognition of the Canadian Proceedings with respect to Debtors Sound Publishing Inc.; Sound Publishing Properties, Inc.; and Oahu Publications, Inc. (collectively, the "U.S. Debtors").

16. On February 7, 2024, the Court entered the *Order (i) Recognizing and Enforcing the SISP Order, and (ii) Granting Related Relief* [D.I. 56] ("SISP Approval Order").

17. On February 8, 2024, the Court held a hearing on the Recognition Motion and the PBGC Objection. At the hearing, the Court sustained the PBGC Objection and granted recognition

5

under section 1502(4) as foreign main proceedings to the Canadian Proceedings solely with respect to Debtors Black Press Group Ltd.; The Beacon Journal Publishing Company; Black Press Ltd.; Sound Publishing Holding Inc.; 311773 BC Ltd.; San Francisco Print Media Company; Central Web Offset Ltd.; 0922015 B.C. Ltd.; and WWA (BPH) Publications, Inc. (collectively, the "Foreign Debtors").

18. On February 14, 2024, the Court entered the *Order Granting in Part and Denying in Part Motion for Recognition of Canadian Proceedings as Foreign Main Proceedings and Granting Related Relief* [D.I. 73] ("Recognition Order"), which memorialized the Court's oral ruling at the February 8, 2024 hearing.

19. On February 15, 2024, the Company entered into a Settlement Agreement with the PBGC regarding PBGC's asserted claims against the Company related to termination of certain employee retirement plans ("Settlement Agreement").

20. On February 17, 2024, the Debtors informed Canso Investment Counsel, in its capacity as portfolio manager for and on behalf of certain accounts that it manages, Deans Knight Capital Management Ltd., and Carpenter Newsmedia LLC (collectively, the "Purchaser") that the Debtors received no qualified bids (other than the stalking horse bid) pursuant to the SISP. The stalking horse bid submitted by the Purchaser was accordingly deemed the successful bid.

21. On March 1, 2023, the Debtors and certain prepetition creditors entered into a second amended and restated support agreement ("Second Amended and Restated Transaction Support Agreement").

22. On March 11, 2024, the Canadian Court entered the *Order Made After Application (Ancillary Order)* ("Ancillary Order"), which, among other things, approved (i) the Debtors' entry into the Second Amended and Restated Transaction Support Agreement and (ii) the Debtors' entry

6

into the Settlement Agreement, and the *Order Made After Application (Approval and Vesting Order)* ("RVO"), which, among other things, approved the sale to the Purchaser pursuant to the SISP.[3] True and correct copies of the Ancillary Order and the RVO are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

23. Following entry of the RVO, the Debtors intend to file their motion to terminate the Canadian Proceedings, seeking an order pursuant to the CCAA providing for, among other things, (i) the termination of the Canadian Proceedings and (ii) discharging the Monitor from its duties in relation to the Canadian Proceedings.

24. To the best of the Foreign Representative's knowledge and belief, and based on the foregoing, all matters to be attended to in connection with the Chapter 15 Cases of the Foreign Debtors are complete. The Foreign Representative therefore seeks entry of the Closing Order closing these cases and providing other related relief as set forth therein.

## IV.    BASIS FOR RELIEF

### A. The Court should Close the Chapter 15 Cases.

25. Section 1517(d) provides that "[a] case under this chapter may be closed in the manner prescribed under section 350," which provides that a case may be closed "[a]fter an estate is fully administered." Although a chapter 15 case has no "estate" per se, see *In re Fairfield Sentry Ltd.*, 458 B.R. 665, 683 (S.D.N.Y. 2011), a party may apply for an order closing a bankruptcy case after substantially all issues have been resolved and the case has been substantially consummated. *See In re A.H. Robins, Co., Inc.*, 219 B.R. 145, 150 (Bankr. E.D. Va. 1998).

---

[3] The Foreign Representative does not seek recognition of the Ancillary Order or the RVO, but the Court may take judicial notice of the entry of these orders by the Canadian Court for purposes of this Motion. *See* Fed. R. Evid. 201; *see also* Fed. R. Bankr. P. 9017 (applying Federal Rules of Evidence to bankruptcy cases).

26. A chapter 15 case is deemed fully administered when the purpose for the foreign representative's appearance is complete. *See* Fed. R. Bankr. P. 5009(c). If no objection to a final report is filed after 30 days' notice, the estate is presumed to have been fully administered and the case may be closed. Fed. R. Bankr. P. 5009(c); Local Rule 5009-2(b); *see also In re Ginsberg*, 164 B.R. 870, 873 (Bankr. S.D.N.Y. 1994). Thus, "[t]he intended meaning of section 1517(d) . . . and Bankruptcy Rule 5009(c) is clear: once the need for a chapter 15 case no longer exists and the purpose of the representative's appearance in the U.S. court is completed, the case may be closed." *In re Lupatech S.A.*, 611 B.R. 496, 503 (Bankr. S.D.N.Y. 2020); *In re Comair Ltd.*, No. 21-10298 (JLG), 2023 Bankr. LEXIS 363, at *62 (Bankr. S.D.N.Y. Feb. 12, 2023).

27. Here, there are no remaining matters in the Chapter 15 Cases for this Court to address. *See In re Lupatech*, 611 B.R. at 503 (holding that "fully administered means, at a minimum, that administrative claims have been provided for, and there are no outstanding motions, contested matters or adversary proceedings"). Further, Bankruptcy Rule 5009(c) requires that a foreign representative:

> file a final report when the purpose of the representative's appearance in the court is completed. The report shall describe the nature and results of the representative's activities in the court. The foreign representative shall transmit the report to the United States trustee, and give notice of its filing to the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor was a party at the time of the filing of the petition, and such other entities as the court may direct. The foreign representative shall file a certificate with the court that notice has been given. If no objection has been filed by the United States trustee or a party in interest within 30 days after the certificate is filed, there shall be a presumption that the case has been fully administered.

Fed. R. Bankr. P. 5009(c); *see also* Local Rule 5009-2(a).

28. In accordance with Bankruptcy Rule 5009(c) and Local Rule 5009-2(a), this Final Report appropriately describes the nature and results of the Foreign Representative's activities in the Chapter 15 Cases.

29. As of the date of this Motion, the Foreign Representative has no reason to expect an objection from the Office of the United States Trustee for the District of Delaware or otherwise within the 30-day period mandated by Bankruptcy Rule 5009(c) and Local Rule 5009-2(a). If no objection is filed, Bankruptcy Rule 5009(c) and Local Rule 5009-2(a) will create a presumption that these Chapter 15 Cases have been fully administered, and permit the Court to close these Chapter 15 Cases. In the event that any objection is filed, the Foreign Representative will set this Motion for hearing, and respectfully submits the facts set forth in this Final Report and current posture of these proceedings will demonstrate that these Chapter 15 Cases have been fully administered.

30. Finally, section 105 provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

31. As detailed herein, the purpose of the Foreign Representative's appearance in this Court is complete, and these Chapter 15 Cases are fully administered. The Final Report also details the nature and results of the representative's activities in this Court, thereby satisfying the requirements of Bankruptcy Rule 5009(c) and Local Rule 5009-2(a).

32. The Foreign Representative respectfully submits that it is appropriate for the Court to enter an order closing the Chapter 15 Cases, in the form of the proposed Closing Order, effective upon its entry.

## V. NOTICE

33. The Foreign Representative shall notify creditors and parties in interest of the filing of the Final Report and the Foreign Representative's request for entry of the Closing Order in accordance with Bankruptcy Rule 5009(c), Local Rule 5009-2(b), and the procedures set forth in the *Amended Order (a) Scheduling Hearing on Recognition of Chapter 15 Petitions, (b) Specifying Form and Manner of Service of Notice, and (c) Authorizing Redaction of Certain Personally Identifiable Information of Individual Stakeholders* [D.I. 68]. In light of the nature of the relief requested, the Foreign Representative requests that this Court find that no further notice is required.

## VI. NO PRIOR REQUEST

34. No prior request for relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Foreign Representative respectfully requests that this Court (i) enter an order, substantially in the form attached hereto as **Exhibit C**, granting the relief requested herein and (ii) grant the Foreign Representative such other relief as may be just and proper.

[*intentionally left blank*]

| | |
|---|---|
| Dated: March 15, 2024<br>Wilmington, Delaware | */s/ Stanley B. Tarr*<br>Stanley B. Tarr (DE No. 5535)<br>Lawrence R. Thomas III (DE No. 6935)<br>**BLANK ROME LLP**<br>1201 N. Market Street, Suite 800<br>Wilmington, Delaware 19801<br>Telephone:     (302) 425-6400<br>Facsimile:     (302) 425-6464<br>*Stanley.Tarr@BlankRome.com*<br>*Lorenzo.Thomas@BlankRome.com*<br><br>-and-<br><br>Michael B. Schaedle (admitted pro hac vice)<br>Evan J. Zucker (admitted pro hac vice)<br>**BLANK ROME LLP**<br>1271 Avenue of the Americas<br>New York, New York 10020<br>Telephone:     (212) 885-5000<br>Facsimile:     (212) 885-5001<br>*Mike.Schaedle@BlankRome.com*<br>*Evan.Zucker@BlankRome.com*<br><br> -and-<br><br>Sean A. Gordon (admitted pro hac vice)<br>Austin B. Alexander (admitted pro hac vice)<br>**THOMPSON HINE LLP**<br>Two Alliance Center<br>3560 Lenox Road NE, Suite 1600<br>Atlanta, Georgia 30326-4266<br>Telephone: (404) 541-2900<br>Facsimile: (404) 541-2905<br>*Sean.Gordon@thompsonhine.com*<br>*Austin.Alexander@thompsonhine.com*<br><br>Curtis L. Tuggle (admitted pro hac vice)<br>Alexander J, Andrews (admitted pro hac vice)<br>**THOMPSON HINE LLP**<br>300 Madison Avenue, 27th Floor<br>New York, New York 10017-6232<br>Telephone: (212) 908-3994<br>Facsimile: (212) 344-6101<br>*Curtis.Tuggle@thompsonhine.com*<br>*Alexander.Andrews@thompsonhine.com*<br><br>*Counsel to the Foreign Representative* |